# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1997

**FILED**

February 4, 1998

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **DENVER JOE MCMATH,** | ) | **C.C.A. NO. 01C01-9608-CC-00360** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **WAYNE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES L. WEATHERFORD** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Habeas Corpus)** |


FOR THE APPELLANT:

JOSEPH L. PENROD
Assistant Public Defender
128 North 2nd Street
P. O. Box 1208
Pulaski, TN 38478

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN M. YACUZZO
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

MIKE BOTTOMS
District Attorney General

JAMES G. WHITE
District Attorney General
Lawrence County Courthouse
Lawrenceburg, TN 38464


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant, Denver Joe McMath, appeals from the dismissal of his petition for habeas corpus relief in which he alleged his continued incarceration was illegal because he had fully served the sentence upon which he was being held.

Appellant specifically alleges that under Tenn. Code Ann. § 49-28-123(a), his life sentence was terminated by the imposition of a sentence for a crime committed while on release.

We affirm the judgment of the trial court.

Appellant was sentenced to life as a habitual offender in 1975. In 1985, Governor Lamar Alexander granted him a conditional commutation to time served. While on release, Appellant again ran into conflict with the law and in 1989, pled guilty to passing a forged instrument and received a two year sentence. The plea agreement stipulated that the sentence agreed upon was to run concurrently with any federal sentence Appellant was serving. The agreement was silent as to whether it was to run consecutively or concurrently to Appellant's life sentence under state law. In 1990 Governor Ned McWherter revoked Appellant's commutation. The Board of Paroles recommended that the new two year sentence should begin on December 14, 1992. Governor McWherter agreed with the Board and on July 31, 1991 signed an order to that effect.

Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. Archer v. State, 851 S.W.2d 157.

In Willie Lee Fletcher v. Gary Livesay, et al. (C.C.A. No. 88-197-III, Davidson County, filed at Nashville, December 28, 1988) the petitioner filed a petition to be released using the same rational as the Appellant in the instant case. Fletcher was serving a murder sentence of ninety-nine years. The governor commuted his sentence to time served and imposed parole. Fletcher was subsequently sentenced to serve one year on a petit larceny conviction. A year later, the Board of Pardons and Paroles ordered Fletcher's larceny sentence to run from the date of its imposition. Tennessee Code Annotated Section 40-28-123 provided in pertinent part then, and does now that "any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole."

Fletcher claimed that because Tennessee Code Annotated Section 40-28-123 requires a sentence for an offense committed while the prisoner is on parole to be served consecutively to the sentence for which the prisoner is on parole, the action of the parole board had caused the expiration of the ninety-nine year murder sentence. This Court held that the result of such an argument was

"preposterous" and "absurd". <u>Fletcher</u>, slip op at 3. Further, this court held that such a result would be contrary to Tennessee Rules of Criminal Procedure Rule 32(c)(3)(A)(requiring that a sentence for a felony committed while on parole must be served consecutively to the original sentence.)

We apply the holding of <u>Fletcher</u> to this case and affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
WILLIAM M. BARKER, JUDGE